**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                            **Plaintiff,**                **14-CV-0537S(Sr)**

**v.**

**$5,470.00 UNITED STATES CURRENCY,**

                            **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #9.

The United States commenced this action by filing a Verified Complaint for Forfeiture of $5,470.00 U.S. currency seized during the course of a home inspection by the Federal Probation Office and Niagara Falls Narcotics Unit of claimant Ronald J. Bennett at his residence in Niagara Falls, New York on February 27, 2014. Dkt. #1. At the time of the inspection, Mr. Bennett was on supervised release following his conviction for conspiracy to possess with intent to distribute MDMA. marijuana, hydrocodone and methamphetamine. Dkt. #1. In addition to the currency, law enforcement officers seized marijuana and drug paraphernalia. Dkt. #1. Mr. Bennet subsequently pled guilty to criminal possession of marijuana in the fifth degree, in violation of New York Penal Law § 221.10, and to violating the conditions of his supervised release. 07-CR-291.

The United States seeks forfeiture pursuant to 21 U.S.C. § 881(a)(6), on the basis that the currency was furnished in exchange for controlled substances. Dkt. #1. Ronald J. Bennett and Meshunda Herd have filed a claim to the currency as joint owners. Dkt. #6 & Dkt. #10.

The United States served document demands and special interrogatories on claimant pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions on November 13, 2014. Dkt. #30, pp. 11-34. By letter dated November 26, 2014, the United States advised claimants that their discovery responses were due on December 8, 2014 and that their failure to respond would prompt the United States to move to compel responses, preclude claimants' ability to proffer evidence in support of their claim and/or dismiss their claim. Dkt. #30, p.39.

Meshunda Herd responded that she had previously produced her W-2 forms and provided all financial documents and bank statements for the period of January 2012 through March 2014, and noted that Ronald Bennett was incarcerated and unemployed from 2007 through 2012. Dkt. #30, p.41. Meshunda Herd further responded that claimants had provided all documents available to support their claims to the currency, including documents "showing their sources of income and resources which account for the defendant currency, in toto." Dkt. #30, p.41. In response to an interrogatory requesting that claimants state all facts and circumstances pertaining to the origin of the seized currency, including a request for a detailed description of how

claimants came to possess the seized currency, Meshunda Herd responded:

> All of defendant currency was legitimately earned and owned jointly by Meshunda Herd and Ronald J. Bennett. . . . We have provided this and all documents showing facts and circumstances of origin . . . to U.S. Assistant Attorney.

Dkt. #30, p.42. Ms. Herd specifically claimed that "the majority of fund seized were from Meshunda Herd (approx. $ ,500.00) . . .." Dkt. #30, p.42.  In response to a request to identify documents proving the amount of currency claimed, Meshunda Herd responded that "claimants have provided voluminous documents comprising bank statements, proof of employment history, and other relevant documents showing legitimate earning and ownership of the $5,740.00 U.S. Currency."  Dkt. #30, p.43. Meshunda Herd further responded that claimants had "provided voluminous documents, records and proof of income, ownership and employment[] establishing legitimacy of the $5,470.00 U.S. Currency."  Dkt. #30, p.43.  In response to a request for monthly expenditures, Meshunda Herd responded that "claimants have no record of the exact amounts expended for living expenses for 2011, 2012, 2013 and each month of those years."  DKt. #30, p.43.  In response to a request for bank information, Meshunda Herd responded that she had provided her savings, checking or investment records to the U.S. Assistant Attorney.  Dkt. #30, p.43.  Claimant Ronald J. Bennett provided identical responses to the United States' discovery demands. Dkt. #30, pp.46-50.

By letter dated December 22, 2014, the United States identified numerous deficiencies in claimants' discovery responses.  Dkt. #30, pp.52-55.  A motion to compel or strike was filed on January 28, 2015.  Dkt. #17.  In response to the motion, Meshunda Herd advised the Court that she had submitted "a large volume of records to

3

the Government via mail pursuant to its requests for discovery." Dkt. #22, ¶ 5.  Ms. Herd requested that the documents be returned to her so that she could use them to respond to the United States' discovery demands.  Dkt. #22, ¶¶ 7-8.  Ms. Herd clarified that she is claiming ownership of approximately $5,000.00 of the seized currency and Mr. Bennett is claiming ownership of approximately $500.00 of the seized currency.  Dkt. #22, ¶¶ 20, 28 & 29.  Ms. Herd argues that claimants have adequately responded to the discovery demands and requests a protective order to prevent continued harassment by the United States.  Dkt. #22.

The United States replied that "[t]he limited amount of documents that claimants have provided to date all appear to be copies, but to assist the claimants to respond fully to the discovery the Plaintiff has already made full copies of these documents and sent them to the claimants."  Dkt. #24, ¶ 2.  The United States argues that it is unable to determine which documents pertain to which claimant and whether claimants have access to all accounts because claimants have failed to specifically identify the bank accounts.  Dkt. #24, ¶ 7. The United States notes that Mr. Bennett has yet to provide his tax return information and requested, in the alternative, that he sign an IRS disclosure form.  Dkt. #24, ¶ 3.

Claimant Ronald Jay Bennett shall sign the IRS disclosure form provided to him by the United States.  Claimants shall provide an estimate of their basic monthly expenses and source of payment for those expenses as requested in interrogatory #7 for 2013.  Claimants shall identify any bank or financial account in which they have any

interest by naming the bank or financial institution, the account holder(s), and the account number for each bank or financial account and, to the extent that account statements have not been provided for the period from January 2012 through March 2014, claimants shall obtain such statements from the bank or financial institution and provide them to the United States. Claimants are advised that their failure to provide this information within 30 days of the filing of this Decision and Order will result in a recommendation that their claims be dismissed.  More generally, claimants are advised to review their responses to the United States' discovery demands and consider whether their responses can be supplemented to clarify their claims. In other words, to the extent that any additional documents or information support their claim of legitimate ownership of the seized currency, each claimant shall disclose such information and specifically identify the document with an explanation of its relevance to his or her claim. Claimants are forewarned that they will be bound by their discovery responses and will not be permitted to claim ownership of the currency based upon documents and information which have not been disclosed during discovery.

**SO ORDERED.**

DATED:    Buffalo, New York
          December 30, 2015

                                            _s/ H. Kenneth Schroeder, Jr._
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**