**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**                14-CV-0537S(Sr)

**v.**

**$5,470.00 UNITED STATES CURRENCY,**

                              **Defendant.**

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #9.

The United States commenced this action by filing a Verified Complaint for Forfeiture of $5,470.00 U.S. currency seized during the course of a home inspection by the Federal Probation Office and Niagara Falls Narcotics Unit of claimant Ronald J. Bennett at his residence in Niagara Falls, New York on February 27, 2014. Dkt. #1. At the time of the inspection, Mr. Bennett was on supervised release following his conviction for conspiracy to possess with intent to distribute MDMA. marijuana, hydrocodone and methamphetamine. Dkt. #1. In addition to the currency, law enforcement officers seized marijuana and drug paraphernalia. Dkt. #1. Mr. Bennet subsequently pled guilty to criminal possession of marijuana in the fifth degree, in violation of New York Penal Law § 221.10, and to violating the conditions of his supervised release. 07-CR-291.

The United States seeks forfeiture pursuant to 21 U.S.C. § 881(a)(6), on the basis that the currency was furnished in exchange for controlled substances. Dkt. #1. Ronald J. Bennett and Meshunda Herd filed a claim to the currency as joint owners. Dkt. #6 & Dkt. #10.

The United States served document demands and special interrogatories on claimant pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions on November 13, 2014. Dkt. #30, pp. 11-34. A motion to compel or strike was filed on January 28, 2015. Dkt. #17.

By Decision and Order entered December 30, 2015, the Court directed Ronald Jay Bennett to sign the IRS disclosure form provided to him by the United States and directed both claimants to provide an estimate of their basic monthly expenses and source of payment for those expenses as requested in interrogatory #7 for 2013. Claimants were further directed to identify any bank or financial account in which they have any interest by naming the bank or financial institution, the account holder(s), and the account number for each bank or financial account and, to the extent that account statements had not been provided for the period from January 2012 through March 2014, claimants were directed to obtain such statements from the bank or financial institution and provide them to the United States. Claimants were advised that their failure to provide this information within 30 days of the filing of the Decision and Order would result in a recommendation that their claims be dismissed.

The United States filed a Notice of Non-Compliance dated February 4, 2016 indicating that there has been no response from claimants.  Dkt. #36.  Accordingly, it is recommended that the claims be stricken and that a default judgment and order of forfeiture be entered.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED: Buffalo, New York
March 28, 2016

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**